# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

HENRY COOK,

        Petitioner,

    v.

SUPERINTENDENT,

        Respondent.

Case No.: 3:16-CV-37 JVB

## OPINION AND ORDER

Henry Cook, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (NCN 14-12-33) where the Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of A-102 on July 29, 2015. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted to Credit Class 2.

Cook admits that on December 18, 2014, he was fighting with another inmate. He also admits that during the fight, that inmate "gashed his right forearm on a coathanger that protrudes out from wall . . . ." (DE 11 at 2.) Cook argues that it was a due process violation to have denied him a statement from Nurse Brown because she would have testified that the gash was not caused by a razor.

An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, at the time of Cook's hearing, Nurse Brown was no longer employed at the prison and prison disciplinary hearing officers do not have the power to compel a response from those outside the prison. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th

Cir. 2001). Nevertheless, even if she had still been working there, the absence of her statement would not have been a due process violation because her testimony was not exculpatory.

Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Cook mistakenly believes that if he can prove that he did not cut the victim with a razor, he has demonstrated that he is not guilty. However, his guilt is not dependent on what caused the other inmate to be cut. His admissions alone are sufficient to find him guilty. He admits he was fighting and he admits the victim was cut during the fight. In determining the sufficiency of the evidence, the Court "need look no further than one key piece of evidence: [his] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007).

Moreover, to the extent Cook argues he acted in self-defense, "[p]risons may discipline inmates who engage in violence even if the inmate did so to protect himself." *Keller v. Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011).

For these reasons, the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the clerk to close this case.

**SO ORDERED** on June 27, 2016.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE